UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JASON JONES,

                            Plaintiff,

    - against-

MAYFLOWER INTERNATIONAL HOTEL GROUP, INC
d/b/a HOWARD JOHNSON LONG ISLAND CITY AND
INDIVIDUAL, JACK CHANG,

                            Defendants.
-------------------------------------------------------------x

Case No: 15 Civ. 4435

**Complaint**

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jason Jones ("Mr. Jones"), by and through his undersigned counsel, Risman & Risman, P.C., as and for his Complaint in this action against Defendants, Mayflower International Hotel Group Inc d/b/a Howard Johnson Long Island City ("Hotel") and Jack Chang ("Mr. Chang") collectively referred to as "Defendants," hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices and/or retaliation committed against Plaintiff, including Defendants' discriminatory treatment, harassment and/or unlawful retaliation of Plaintiff, due to his race and/or color, and/or national origin and/or his complaints of and/or opposition to discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"),

the New York State Human Rights Law, New York Executive Law §§ 290 et seq. (the "NYSHRL") and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq. (the "NYCHRL").

## PRELIMINARY STATEMENT

2. The Hotel is located in Long Island City, New York, and opened its doors to the public in August 2014. The president of the Hotel is Wei Hong Hu. The Hotel employs a large number of individuals in a variety of different capacities, including but not limited to, management, maintenance and housekeeping. Despite employing such a large number of employees in the most diverse city in the world, virtually all of the employees at the hotel are of Chinese origin.

3. The severe lack of diversity in the ranks and throughout the Hotel is evidence of the racial and/or national origin discrimination committed against employees of color. In fact, the Hotel has fostered a racially hostile work environment, which is permeated with racist conduct and comments toward people of color.

4. By way of example only, the Hotel would allow racially derogatory communications to go unchecked based on race, which included comparing black employees to monkeys and gorillas.

5. The Hotel fostered an environment such that any employee with the courage to complain about the discrimination that pervades the workplace directly to management would be subjected to unlawful retaliation by, among other things, stripping them of their job duties, openly and unfairly criticizing their work performance and, denying them necessary tools to successfully perform their job and unlawfully terminating their employment.

6. True to form, after Mr. Jones complained to management about being called racially derogatory names, he was instantly retaliated against and ultimately terminated by Defendants on November 25, 2014.

7. Defendants' discriminatory and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's rights, warranting an award of punitive damages. Such conduct has caused, and continues to cause Plaintiff to suffer substantial monetary damages, permanent harm to his professional and personal reputation and/or severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981 and/or Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

10. Mr. Jones is an African-American, and a resident of the State of New York, Kings County. At all relevant times, he met the definition of an "employee" under all applicable statutes.

11. At all relevant times, the Hotel has had its principal place of business located at 38-59 12th

Street, Long Island City, New York and regularly transacts business in this district.

12. At all relevant times, the Hotel has met the definition of an "employer" under all applicable statutes.

13. Mr. Chang is the general manager of the Hotel. At all relevant times, he has actively and directly participated in the discrimination, harassment and unlawful retaliation committed against Plaintiff.

14. At all relevant times, Mr. Chang had authority to make personnel decisions concerning Plaintiff's work schedules, assignments, salary and other employment benefits. Mr. Chang also had, and continues to have, authority to discipline, including the authority to terminate, Plaintiff and other Hotel employees.

## PROCEDURAL REQUIREMENTS

15. On or about December 1, 2014, Mr. Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. His charge arises out of the same facts alleged herein.

16. On or about May 21, 2015, Mr. Jones received a notice of his right to sue issued by the EEOC in connection with his previously filed charge of discrimination. This Complaint has been filed within 90 days of Plaintiff's receipt of his right to sue notice from the EEOC.

17. Prior to the commencement of this action, a copy of Plaintiff's Complaint was served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City

of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

18. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### I. Jason Jones

19. Mr. Jones was employed as a housekeeper at the Hotel on a full-time basis, beginning his employment with the Hotel on August 5, 2014.

20. His duties included, but were not limited to, replacing guest amenities and supplies in rooms, replacing dirty linens, making beds, cleaning bathrooms, removing trash and providing room service items.

21. At the start of his employment with the Hotel, Mr. Jones was lauded for his work ethic and diligence when it came executing his job responsibilities.

22. Throughout his employment with the Hotel, Mr. Jones continuously performed quality work until his termination.

### II. The Racially Hostile Work Environment at the Hotel

23. Despite Mr. Jones' exemplary work performance, his experiences at the Hotel were marred by the pervasive discrimination and harassment to which he was subjected throughout his employment based on his race and/or color and/or national origin.

24. For example, despite the great diversity throughout New York City, approximately 90% of the employees at the hotel were of Chinese origin.

25. The Chinese workers were allowed to be late for their assigned work time; were excused from discipline without warning and were not written up for infractions, while African-Americans employees were routinely admonished and warned that if any violation were evidenced, they would be punished immediately.

### III. Racial Discrimination Committed Against Mr. Jones

26. In the racially discriminatory environment at the Hotel, Mr. Jones was also specifically subjected to discrimination throughout his employment.

27. By way of example, in October 2014, Mr. Jones' coworker referred to as "Mason" (true name unknown), came up to Mr. Jones and called him a gorilla. Mr. Jones immediately related back to Mason that this was a racist remark and that Mason should not be referring to him in these terms.

28. Two weeks later, as Mason and another coworker, "Jack" (true name unknown), were moving some beds away from a room on Mr. Jones' assigned floor, Mason again said, "you go gorilla, you very strong gorilla." This caused Mr. Jones to become extremely upset and after the incident, he began to distance himself from Mason.

29. Shortly after this incident referenced to in paragraph 28, another coworker referred to as "Harry" (true name unknown), while laughing, told Mr. Jones that he resembled a baboon.

30. In addition to these clearly racist remarks being launched toward Mr. Jones, he was constantly in

an environment where no English was being spoken, and the language of choice was Chinese. Coworkers, including supervisors would very often be speaking in Chinese, laughing and gesturing toward Mr. Jones.

31. By way of example, the assistant housekeeping supervisor who was referred to as "Jade" (true name unknown) was conversing with Harry in Chinese, and Mr. Jones was present. Mr. Jones had asked Harry what Jade had said to her and Harry replied, "Jade told me not to tell you what she said." This caused Mr. Jones to feel as though Jade was also speaking in a derogatory manner about him.

32. On November 19, 2014, a coworker referred to as "Derrick" (true name unknown), called Mr. Jones, "King Kong," a reference to a movie character that was a large gorilla. Despite Mr. Jones' insistence to Derrick that this was not funny or appropriate, Derrick continued calling Mr. Jones "King Kong" and laughing.

33. This latest incident was the straw that broke the camel's back and Mr. Jones decided to draft a letter to the general manager of the Hotel, Mr. Chang, complaining of these prior deplorable instances of racial discrimination. Mr. Jones presented the letter by showing Mr. Chang the correspondence on Mr. Jones' cellular telephone on November 20, 2015.

34. Later that day, a meeting was held where for the first time, Mr. Chang distributed an employee handbook, and then in front of all the employees at the Hotel mentioned Mr. Jones' name in reference to a complaint of discrimination that had been made at the Hotel earlier that day. Any trust and or confidence Mr. Jones had in management and/or Mr. Chang had been broken.

35. The following day, Derrick asked Mr. Jones what he had specifically discussed with Mr. Chang, and Mr. Jones kindly replied that he was unable to speak about those matters because they were of a

personal nature.

36. That same day, Jade and the supervisor/head housekeeper "Shirley," (true name unknown), began ignoring Mr. Jones as he walked by them.

37. On or about November 25, 2014, Mr. Chang and Shirley called Mr. Jones into a meeting, where he was told that he was being let go. Mr. Jones responded by asking for an explanation for the termination and was told that his work had been declining and he was slow.

38. The Hotel's criticisms of Mr. Jones' work performance, however, were completely belied by the fact that he was continually told prior to his complaint of discrimination and harassment that he was a hard and fast worker.

39. On or about November 25, 2014, after being terminated and upon exiting the premises of the Hotel, Harry came up to Mr. Jones and stated, "this is bullshit, [they] said you were a difficult worker."

## AS AND FOR A FIRST CAUSE OF ACTION

(Discrimination and Harassment in Violation of Section 1981)

40. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

41. Defendants have discriminated against Plaintiff on the basis of his race and/or color in violation of Section 1981 by denying him the same terms and conditions of employment available to employees who are of Chinese origin, including but not limited to, subjecting him to disparate working conditions, obscenities and unequal discipline, denying him terms and conditions of employment equal to that of

employees who are of Chinese origin, and unlawfully terminating Plaintiff's employment.

42. Defendants have also discriminated against Plaintiff on the basis of his race and/or color, in violation of Section 1981 by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

43. As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

44. As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

45. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Retaliation in Violation of Section 1981)**

46. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

47. Defendants have retaliated against Plaintiff by, inter alia, by interfering with the performance of his job, and by ultimately terminating Mr. Jones' employment, all in violation of Section 1981 for his opposition to discriminatory practices and language directed toward himself, and/or his participation in lodging complaints about such discriminatory practices.

48. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

50. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## AS FOR A THIRD CAUSE OF ACTION

### (Discrimination and Harassment in Violation of Title VII)

51. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

52. Defendants have discriminated against Plaintiff on the basis of his race and/or color and and/or

national origin in violation of Title VII by denying him the same terms and conditions of employment available to employees who are of Chinese origin, including but not limited to, subjecting him to disparate working conditions, obscenities and unfair discipline, denying him terms and conditions of employment equal to that of employees who are of Chinese origin, and unlawfully terminating Mr. Jones' employment.

53. Defendants have also discriminated against Plaintiff on the basis of his race and/or color and/or national origin, in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

54. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

55. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

56. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS FOR A FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

57. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

58. Defendants have retaliated against Plaintiff by, inter alia, by interfering with the performance of his job, and by ultimately terminating Mr. Jones' employment, all in violation of Title VII, for his opposition to discriminatory practices directed toward him, and/or his participation in lodging complaints about such discriminatory practices.

59. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

60. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

61. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Discrimination and Harassment in Violation of New York State Human Rights Law)

62. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

63. Defendants have discriminated against Plaintiff on the basis of his race and/or color and/or national origin in violation of the New York State Human Rights Law by denying to him the equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

64. Defendants have also discriminated against Plaintiff on the basis of his race and/or color and/or national origin in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination and harassment of Plaintiff.

65. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

66. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Retaliation in Violation of New York State Human Rights Law)

67. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

68. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of his job, and by ultimately terminating Mr. Jones' employment, all in violation of the New York State Human Rights Law for his opposition to discriminatory practices directed toward him, and/or his participation in lodging complaints about such discriminatory practices.

69. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Mr. Jones has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

70. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Aiding and Abetting Violations of New York State Human Rights Law)

71. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

72. Defendant Mr. Chang knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York State Human Rights Law.

73. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

74. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

**(Discrimination and Harassment in Violation of New York City Human Rights Law)**

75. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

76. Defendants have discriminated against Plaintiff on the basis of his race and/or color and/or national origin in violation of the New York City Human Rights Law by denying him equal terms and conditions of employment, including but not limited to subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

77. Defendants have also discriminated against Plaintiff on the basis of his race and/or color and/or national origin in violation of the New York City Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

78. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

79. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

80. Defendants' unlawful discriminatory actions and harassment constitutes malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION

(Retaliation in Violation of New York City Human Rights Law)

81. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

82. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of his job, and by ultimately terminating Plaintiff's employment, all in violation of the New York City Human Rights Law for his opposition to discriminatory practices directed toward him, and/or his participation in lodging complaints about such discriminatory practices.

83. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of future income, compensation and benefits for which he is entitled to an award of damages.

84. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

85. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION

### (Aiding and Abetting Violations of New York City Human Rights Law)

86. Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

87. Defendant Mr. Chang knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York City Human Rights Law.

88. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which he is entitled to an award of damages.

89. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

90. Defendant Chang's unlawful actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in their favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position they would have occupied but for Defendants' discriminatory and retaliatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for their mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: July 29, 2015
New York, New York

                RISMAN & RISMAN, P.C.
                *Counsel for Plaintiff*

By: _____
                Jeffrey Risman, Esq.
                30 Vesey Street, 6th Floor
                New York, New York 10007
                T. (212) 223-6400
                F. (212) 233-6406
                E. jrisman@risman-law.com