UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

JASON JONES,

                                   Plaintiff,

    -against-

MAYFOWER INTERNATIONAL HOTEL GROUP, INC
d/b/a, HOWARD JOHNSON LONG ISLAND CITY
and INDIVIDUAL, JACK CHANG,

                                   Defendants.

-------------------------------------------------------------------------x

Index No. : 15-Civ-4435

**VERIFIED ANSWER
WITH CROSS CLAIM**

The defendant JACK CHANG, a/k/a, JACK K. CHANG ("Defendant" or "Chang"), by and through his attorneys, KEVIN KERVENG TUNG, P.C., answering Plaintiff JASON JONES ("Plaintiff" or "Jones")' Complaint, alleges upon information and belief as follows:

### NATURE OF THE CLAIMS

1. Denies each and every allegation contained in Paragraph 1 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

### PRELIMINARY STATEMENT

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Denies each and every allegation contained in Paragraph 8 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

9. Denies each and every allegation contained in Paragraph 9 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

## PARTIES

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation of the definition of "employee".

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation of the definition of "employer".

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that the Defendant Chang was an employee working at HOWARD JOHNSON LONG ISLAND CITY.

## PROCEDURAL REQUIREMENTS

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Discrimination and Harassment in Violation of Section 1981)

40. Denies each and every allegation contained in the paragraphs designated 40 as otherwise pleaded herein.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Retaliation in Violation of Section 1981)

46. Denies each and every allegation contained in the paragraphs designated 46 as otherwise pleaded herein.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Discrimination and Harassment in Violation of Title VII)

51. Denies each and every allegation contained in the paragraphs designated 51 as otherwise pleaded herein.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Denies each and every allegation contained in Paragraph 56 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

57. Denies each and every allegation contained in the paragraphs designated 57 as otherwise pleaded herein.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Discrimination and Harassment in Violation of New York State Human Rights Law)

62. Denies each and every allegation contained in the paragraphs designated 62 as otherwise pleaded herein.

63. Denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Denies each and every allegation contained in Paragraph 66 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Retaliation in Violation of New York State Human Rights Law)

67. Denies each and every allegation contained in the paragraphs designated 67 as otherwise pleaded herein.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Denies each and every allegation contained in Paragraph 70 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (Aiding and Abetting Violation of New York State Human Rights Law)

71. Denies each and every allegation contained in the paragraphs designated 71 as otherwise pleaded herein.

72. Denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Denies each and every allegation contained in Paragraph 74 of the Complaint.

## AS AND FOR A EIGHTH CAUSE OF ACTION

**(Discrimination and Harassment in Violation of New York City Human Rights Law)**

75. Denies each and every allegation contained in the paragraphs designated 75 as otherwise pleaded herein.

76. Denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Denies each and every allegation contained in Paragraph 80 of the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION

**(Retaliation in Violation of New York City Human Rights Law)**

81. Denies each and every allegation contained in the paragraphs designated 81 as otherwise pleaded herein.

82. Denies each and every allegation contained in Paragraph 82 of the Complaint.

83. Denies each and every allegation contained in Paragraph 83 of the Complaint.

84. Denies each and every allegation contained in Paragraph 84 of the Complaint.

85. Denies each and every allegation contained in Paragraph 85 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION

**(Aiding and Abetting Violation of New York City Human Rights Law)**

86. Denies each and every allegation contained in the paragraphs designated 86 as otherwise pleaded herein.

87. Denies each and every allegation contained in Paragraph 87 of the Complaint.

88. Denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Denies each and every allegation contained in Paragraph 89 of the Complaint.

90. Denies each and every allegation contained in Paragraph 90 of the Complaint.

**AS AND FOR THE FIRST AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:**

91. The Court does not have subject matter jurisdiction over the causes of action set forth in Plaintiff' Complaint.

**AS AND FOR THE SECOND AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:**

92. The Plaintiff failed to state a cause of action upon which a relief may be granted.

**AS AND FOR THE THIRD AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:**

93. The Court lacks jurisdiction over the answering defendant by reason of insufficiency of process of service.

**AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES**:

94. Plaintiff's claims are bared, precluded, or limited by the doctrine of waiver.

**AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES**:

95. Plaintiff's claims are barred or limited by the Statute of Limitations and/or administrative filing periods.

**AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:**

96. Plaintiff's claims are barred or limited to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

**AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:**

97. Plaintiff's claims are barred, in whole or in part, by the principles of estoppel.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

98. Plaintiff's federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

### AS AND FOR THE NINETH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

99. Plaintiff's claims against the answering defendant must be dismissed because Defendant Chang was acting within the scope of his employment at all relevant times.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

100. Plaintiff's claims against the answering defendant must be dismissed because the answering defendant did not engage in any discriminatory conduct within the meaning of the applicable statue and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

101. Plaintiff's claims against the answering defendant must be dismissed because the answering defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

### AS AND FOR THE TWELVENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

102. Plaintiff' claims for punitive damages must be dismissed because punitive damages are not available under those statutes cited by the Plaintiff.

### AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

103. Plaintiff' claims for various reliefs are barred to the extent the Plaintiff has failed to mitigate such alleged damages.

### AS AND FOR THE FOURTEEN AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

104. Plaintiff' claims for injunctive or other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

### AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANT CHANG ALLEGES:

105. Defendant Chang alleges that he currently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant Chang expressly reserves the right to asset additional affirmative defenses in the event discovery indicates those would be appropriate.

### AS AND FOR THE FIRST CROSS CLAIM AGAINST CO-DEFENDANT MAYFLOWER INTERNATIOAL HOTEL GROUP, INC d/b/a, HOWARD JOHNSON LONG ISLAND CITY, DEFENDANT CHANG ALLEGES:

106. If the Plaintiff sustained any damage in the manner alleged in the complaint, all of which is denied by the answering Defendant Chang, such damages were caused by reason of conduct of the Co-Defendant MAYFLOWER INTERNATIONAL HOTEL GROUP, INC d/b/a, HOWARD JOHNSON LONG ISLAND CITY.

107. By reason of the aforesaid, the answering Defendant Chang is entitled to indemnification and/or contribution from, and to have judgment over and against, the above-named Co-Defendant MAYFLOWER INTERNATIONAL HOTEL GROUP, INC d/b/a, HOWARD JOHNSON LONG ISLAND CITY, for all or part of any verdict or judgment that the Plaintiff may recover against the answering Defendant Chang.

**WHEREFORE**, Defendant JACK CHANG respectfully requests a judgment dismissing the Plaintiff' complaint in its entirety, a judgment against Co-Defendant on the cross-claim herein, plus reasonable attorneys' fee, together with the costs and disbursements of this action, and for such other and further relief this Court may deem proper and just.

Dated: Queens, New York
December 8, 2015

                                        KEVIN KERVENG TUNG, P.C.
                                        Attorneys for Defendants

                                        _____
                                        By: Kevin K. Tung, Esq.
                                        Queens Crossing Business Center
                                        136-20 38th Avenue, Suite 3D
                                        Flushing, New York 11354
                                        Tel: (718) 939-4633
                                        Email: ktung@kktlawfirm.com

To:    Jeffrey Risman, Esq.
        RISMAN & RISMAN, P.C.
        Counsel for Plaintiff
        30 Vesey Street, 6th Floor
        New York, NY 10007
        Tel: (212) 233-6400
        Email: jrisman@risman-law.com

VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF QUEENS             )

Jack Chang, a/k/a, Jack K. Chang, being duly sworn, deposes and says:

I am the individual defendant in this action. I have read the foregoing Answer and know the contents thereof. The same is true to my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Jack K. Chang

Sworn to before me on this
8th day of December, 2015

TING TING XU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02XU6286038
Qualified in Queens County
My Commission Expires 1/22/2017

_____
Notary Public