F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 0 8 2019  ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON JONES,<br><br>          Plaintiff,<br><br>          v.<br><br>MAYFLOWER INTERNATIONAL HOTEL GROUP, INC d/b/a HOWARD JOHNSON LONG ISLAND CITY AND INDIVIDUAL, JACK CHANG,<br><br>          Defendants. | 1:15-cv-04435-WFK-VMS |

## Joint Pre-Trial Order

**Information Required by Rule 5(A) of Judge William F. Kuntz, II's Individual Rules and Practices:**

    **(I)**    **Full Caption of the Action**: See above.

    **(II)**    **THE NAMES, ADDRESSES (INCLUDING FIRM NAMES), AND TELEPHONE AND FAX NUMBERS OF TRIAL COUNSEL.**

        Jeffrey Risman
        RISMAN & RISMAN, P.C.
        *Co-Counsel for Plaintiff*
        30 Vesey Street, 6th Floor
        New York, New York 10007
        Telephone: (212) 223-6400
        Facsimile: (212) 233-6406

        Joshua Parkhurst
        LAW OFFICES OF JOSHUA PARKHURST
        *Co-Counsel for Plaintiff*
        11 Broadway, Suite 615
        New York, New York 10004
        Telephone: (201) 577-2644
        Facsimile: (212) 480-8560

Kevin Kerveng Tung
Ge (Gordon) Li
Wa Yang
KEVIN KERVENG TUNG, P.C.
*Counsel for Defendants*
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Telephone: (718) 939-4633
Facsimile: (718) 939 4468

(III)    **A BRIEF STATEMENT BY PLAINTIFF AS TO THE BASIS OF SUBJECT MATTER JURISIDCICTION AND A BRIEF STATEMENT BY EACH PARTY AS TO THE PRESENCE OR ABSENCE OF SUBJECT MATTER JURISDICTION. SUCH STATEMENTS SHALL INCLUDE CITATIONS TO ALL STATUTES RELIED ON AND TO RELEVANT FACTS AS TO CITIZENSHIP AND JURISIDCTIONAL AMOUNT IN QUESTION.**

This Court has federal question jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims pursuant to 28 U.S.C. § 1367(a).

(IV)    **A BRIEF SUMMARY BY EACH PARTY OF THE CLAIMS AND DEFENSES THAT PARTY HAS ASSERTED WHICH REMAIN TO BE TRIED, WITHOUT RECITAL OF EVIDENTIARY MATTERS, BUT INCLUDING CITATIONS TO STATUTES RELIED UPON. SUCH SUMMARIES SHALL IDENTIFY ALL CLAIMS AND DEFENSES PREVIOUSLY ASSERTED WHICH ARE NOT TO BE TRIED.**

Plaintiff's Claims Are As Follows:

This is an action brought to remedy racially based harassment and discrimination against plaintiff, hostile work environment, and retaliatory discharge all in violation of: Title VII, 1981, NYSHRL and NYCHRL.

2

Plaintiff sufficiently exhausted his administrative remedies before the EEOC. The EEOC charge form has the boxes checked "Race" "National Origin" and "Retaliation." Also, the "Continuing Action" box of the EEOC Charge form was checked.

Exhaustion of the EEOC claims process generally takes the form of filing a charge of discrimination with the agency. The primary purpose of filing a charge of discrimination with the EEOC is to alert the EEOC to the discrimination that a Plaintiff claims he is suffering in order to give the administrative agency the opportunity to investigate, mediate, and take remedial action.

Plaintiff was hired by Mayflower as a housekeeper in August 2014. Mayflower is the management company that is responsible for payroll, the owner of the actual hotel and the property itself is not a named Defendant in this action. The majority of Mayflower's employees, upon its opening, were of Chinese descent. Plaintiff was one of the few African American employees.

During Mr. Jones' tenure, he was lauded for his contributions, even at one point being rewarded with a cash award by the owner of Mayflower, Weihong Hu.

Despite Mr. Jones' efforts to be a faithful and dutiful employee, he was exposed on numerous occasions to racially derogatory language by coworkers. This behavior started in October 2014 and continued though his termination on November 25, 2014.

At the end of October 2014, Mayflower's owner, Ms. Hu, admitted to witnessing an African American employee being a target of discriminatory language. She then alerted the housekeeping manager, Shirley, of the incident and then Shirley terminated Plaintiff's employment and two other Chinese employees (one who has admitted to voluntarily resigning).

After being the target of demeaning name calling for months, on November 20, 2014, Plaintiff complained of this behavior by producing a note on his cell phone to assistant manager and Defendant, Jack Chang. On November 25, 2014, Plaintiff was brought into a room with Mr. Chang and Shirley, and was told he was terminated because he was slowing down and he complained too much.

Plaintiff timely filed a Charge of Discrimination denominated Charge No. 520-2015-00652 (the "Charge") with the New York District Office of the Equal Employment Opportunity Commission ("EEOC").

In the charge, Plaintiff alleged, inter alia, that the Defendants engaged in discriminatory conduct against him, on the basis of his race and national origin; failed to remedy harassing conduct and a hostile work environment; implemented and perpetuated practices that had a disparate impact on racial minorities at the hotel; exercised a pattern and practice of discrimination against racial minorities; reacted to Plaintiff's lawful complaints regarding a hostile work environment, disparate treatment and discriminatory practices with a retaliatory dismissal of Plaintiff's employment; all in contravention of Title VII and § 1981.

Defendant's Defenses Are As Follows: **For disparate working condition claims, Mayflower International Hotel Group, Inc.("Mayflower Hotel") and Jack Chang ("Chang") have the following defenses: Plaintiff was discharged based on legitimate, nondiscriminatory reasons—Plaintiff was late to work many times, violated Mayflower Hotel's policies by eating in guest rooms, and got into name-calling and altercations with other Mayflower Hotel employees; furthermore, Mayflower Hotel's business was slow, and the manager, Shirley, decided to terminate underperforming staff to make ends meet. And besides Plaintiff, a few Asian housekeepers were also discharged at the end of 2014, therefore, Plaintiff did not receive disparate treatment.**

**For hostile work environment claims, Mayflower Hotel and Chang have defenses that it exercised reasonable care to prevent any discriminatory or harassing conducts; Mayflower Hotel had an Employment Manual in place when Plaintiff was terminated, which expressly prohibited discrimination and all forms of employee harassment based on race, color, religion, etc. and which also provided for the complaining procedures if discrimination happened; Mayflower Hotel even designed and compiled its own training materials to prevent and correct promptly any potential harassing or improper behaviors and the materials include a quiz/test to evaluate employees' knowledge regarding company's policies and procedures towards discrimination and other improper behaviors and hotel employees were required to take the test. In contrast, Plaintiff did not make a formal reporting to the management of the hotel. Plaintiff only showed a text message typed on his cellphone to Chang. The text massage was not thereafter sent to Chang. No hard copy was given to Chang. No request was made to Chang to further submit the message.**

And Mayflower Hotel had legitimate, nondiscriminatory reasons to discharge Plaintiff.

For retaliation claims, the following defenses exist: the management of the Mayflower Hotel was never aware that Plaintiff made a complaint and there was no causal connection between Plaintiff's so-called complaint to Chang and his termination. The purported complaint was made to Chang in November 2014, when Plaintiff showed Chang a text message typed on his cellphone. Plaintiff did not send the text message to Chang thereafter, nor did he give Chang a hard copy of the text message. And Chang never mentioned to hotel's then manager Shirley that Jones showed him a text message regarding the alleged name-calling. Nor did Plaintiff ever show the text message directly to Shirley. And Mayflower Hotel had legitimate, nondiscriminatory reasons to discharge Plaintiff.

**(V)    A STATEMENT BY EACH PARTY AS TO WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY, AND THE NUMBER OF TRIAL DAYS NEEDED**

The parties request a jury trial, which they anticipate will take six days.

**(VI)    A STATEMENT AS TO WHETHER ALL PARTIES HAVE CONSENTED TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE (WITHOUT IDENTIFYING WHICH PARTIES HAVE OR HAVE NOT SO CONSENTED).**

The parties do not consent to trial by a magistrate judge.

**(VII)    ANY STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW THAT HAVE BEEN AGREEED TO BY ALL PARTIES:**

*Stipulations of Fact*

1. Plaintiff is a male African American.

2. Mayflower is a management company, which is responsible for the operation of the hotel located at 38-59 12th Street, Long Island City, New York.

3. Plaintiff worked for Mayflower as a housekeeper between August 5, 2014 and November 25, 2014.

4. Plaintiff was paid $10 an hour and he worked full time—40 hours a week.

5. Shirley was one of Plaintiff's supervisors.

6. Plaintiff was called baboon, King Kong, gorilla by some housekeeping employees.

7. On December 29, 2014, Plaintiff filed a Charge with the Equal Employment Opportunity Commission.

8. In his Charge, Plaintiff checked "race" and "national origin" as the bases for the alleged discrimination.

9. In his Charge, Plaintiff identified himself as "African American."

10. In his Charge, Plaintiff checked the box "Continuing Action."

**(VIII) A LIST OF THE NAMES AND ADDRESSES OF ALL WITNESSES, INCLUDING EXPERT WITNESSES AND POSSIBLE WITNESSES WHO WILL BE CALLED ONLY FOR IMPEACHMENT OR REBUTTAL PURPOSES AND SO DESIGNATED, TOGETHER WITH A BRIEF STATEMENT OF THE EXPECTED TESTIMONY OF EACH WITNESS. ONLY LISTED WITNESSES WILL BE PERMITTED TO TESTIFY EXCEPT WHERE PROMPT NOTICE HAS BEEN GIVEN AND GOOD CAUSE SHOWN.:**

Plaintiff's Witness List:

| NAME OF WITNESSES | ANTICIPATED TESTIMONY |
|---|---|
| Plaintiff c/o Risman & Risman, P.C. | Plaintiff will testify as to the hostile work environment, unequal treatment, the continuing harassment, as well as the complaint he made to management and how this resulted in his termination. He will also testify how experiencing these events caused him distress and pain. |

| Defendant Jack Chang c/o Kevin Kerveng Tung, PLLC | Mr. Chang will testify as to his observations regarding Plaintiff's work performance, complaint of discrimination and response to said complaint. |
|---|---|
| George Frangoulis  c/o Kevin Kerveng Tung, PLLC | Mr. Frangoulis will testify as to his observations concerning Plaintiff's work performance, Plaintiff's complaint of discrimination and Plaintiff's demeanor after his termination of employment. |
| Zhou Yang Liu c/o Kevin Kerveng Tung, PLLC | Mr. Liu will testify as to the race makeup of hotel staff and the hotel's custom and practice concerning hiring and termination. |
| Jorge Niveyro, Counseling for a new life, 141 Weldon St., Brooklyn, New York 11208 | Mr. Niveyro will testify concerning his mental health treatment of Plaintiff and his diagnoses. |
| Robert Lloyd Goldstein, M.D., 405 East 54th St., New York, NY 10022 | Dr. Goldstein will testify concerning his mental health examination of Plaintiff and his diagnoses. |
| Ziv Ezra Cohen, M.D., F.A.P.A, PLLC, 200 W 57th St, Suite 304 New York, NY 10019 | Dr. Cohen will testify concerning his independent medical examination of Plaintiff and his diagnoses. |
| Weihong Hu c/o Kevin Kerveng Tung, PLLC | Ms. Hu will testify to the reasons for Plaintiff's termination of employment and awareness of his discrimination complaint. |
| Da Lin, 10603 Osprey Sr., Charlotte, NC 28226 | Mr. Lin will testify that he resigned from his position at the hotel and was not terminated. |

Each of the witnesses listed above was included in Plaintiff's Initial Disclosures and/or was revealed during the course of discovery. Plaintiff reserves the right to call any witness listed on Defendants' witness list. Further, Plaintiff reserves the right to call witnesses not identified on this Witness List in rebuttal to any testimony given, witnesses called, or exhibits introduced by Defendants during the trial of this matter.

**Defendants' Witness List:**

| NAME OF WITNESSES | ANTICIPATED TESTIMONY |
|---|---|
| Weihong Hu c/o Kevin Kerveng Tung, PLLC | Ms. Hu will testify about Mayflower Hotel's legitimate, nondiscriminatory reasons to discharge Plaintiff and all other facts related to Mayflower Hotel's defenses |

| Defendant Jack Chang c/o Kevin Kerveng Tung, PLLC | Mr. Chang will testify about his defenses to Plaintiff's claims. |
|---|---|
| Jared M. Gill c/o Kevin Kerveng Tung, PLLC | Mr. Gill will testify about Mayflower Hotel's employment manual and training materials, about Plaintiff's performance and behavior at the hotel, and about hiring and termination of employees at the hotel when he was a manager. |
| Zhou Yang Liu c/o Kevin Kerveng Tung, PLLC | Mr. Liu will testify about Plaintiff's performance and behavior when he was employed by hotel, and about the operation of the housekeeping department of the hotel. |
| Stanley Turkel. 147-03 Jewel Avenue, Kew Gardens Hills, N.Y. 11367 | Mr. Turkel, as a hotel industry expert, will testify about the fluctuation nature of the hotel business in New York City, about the financial difficulties Mayflower Hotel encountered in 2014 and 2015, and give his opinion regarding the reasonableness of the hotel's decision to terminate Plaintiff. |
| Ziv E. Cohen, M.D., 200 W 57th St, Suite 304, New York, NY 10019 | Dr. Cohen will testify concerning his independent medical examination of Plaintiff and his diagnoses. |
| | |
| | |

Each of the witnesses listed above was included in Defendants Initial Disclosures and/or was revealed during the course of discovery. Defendants reserve the right to call any witness listed on Plaintiff's witness list. Further, Defendants reserve the right to call witnesses not identified on this Witness List in rebuttal to any testimony given, witnesses called, or exhibits introduced by Plaintiff during the trial of this matter.

**(IX)    A DESIGNATION BY EACH PARTY OF DEPOSITION TESTIMONY TO BE OFFERED IN ITS CASE-IN-CHIEF, WITH ANY CROSS-DESIGNATIONS AND OBJECTIONS BY ANY OTHER PARTY.**

*Plaintiff's Designations:*

*Deposition of Jack Chang*

| DESIGNATION (PAGE:LINE) | OBJECTION BY DEFENDANTS |
|---|---|
| 14:25-15:9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 17:10-18:10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 19:2-14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 22:9-10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 22:24-23:6 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 24:12-16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 28:19-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 30:14-31:9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 40:7-41:15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 43:4-9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 47:18-48:2 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 53:16-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 54:10-11 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 55:21-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 56:18-57:4 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 57:18-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 58:13-16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| 59:6-62:15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 62:22-64:24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 65:18-66:6 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 67:2-12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 68:24-69:5 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 69:21-70:5 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 70:19-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 71:8-74:12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 78:3-9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 78:10-79:10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 80:19-81:22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 87:11-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 87:25-88:11 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 88:20-92:10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 94:16:96:2 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 98:13-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 99:16-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 100:6-14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 100:19-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 102:3-103:4 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 111:19-112:7 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 112:13-15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 115:21-118:12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| 118:13-122:17 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 133:4-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 135:16-136:14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 136:15-139:14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 140:9-19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 153:23:154:10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 154:16-21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 157:15-158:19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 160:4-161:17 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

*Deposition of Weihong Hu*

| DESIGNATION (PAGE:LINE) | COUNTER-DESIGNATION (PAGE:LINE) |
|---|---|
| 4:17-5:8 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 30:11 – 31:20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 41:10-15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 42:4-19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 43:3-21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 43:23 – 44:19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 47:6-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 47:8-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 48:2-13 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 48:14-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 48:22 – 49:19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 50:1 – 51:8 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| | |
|---|---|
| 52:16 – 53:1 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 56:15-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 57:9-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 63:14-21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 65:14-20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 65:21-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 75:10 – 76:11 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 89:7-13 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 90:12-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 91:3 – 92:4 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 93:9 – 94:7 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 100:5 – 101:21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 102:2-7 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 102:19 – 103:18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 104:17-20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 105:5-12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 105:13 – 105:25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 108:10-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 109:10-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 110:3-6 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 113:9-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 113:25 – 114:13 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 114:22 – 115:21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 129:9 – 130:3 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 130:4-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 131:24 – 132:3 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| | |
|---|---|
| 142:3-10 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 143:3-16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| | |

*Deposition of George Frangoulis*

| DESIGNATION (PAGE:LINE) | OBJECTION BY DEFENDANT |
|---|---|
| 25:6 – 26:7 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 55:4-9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 55:19 – 56:2 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 58:6-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 77:2-6 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 81:12-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 81:23 – 82:2 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 82:14-17 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 84:22 – 85:5 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 85:18-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 89:20-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 90:3-12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 91:14-19 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 92:16-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 93:4-14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 95:14 – 96:21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 97:18-20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 101:11-17 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 107:19 – 108:12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 108:3 – 109:9 | |

| | |
|---|---|
| 109:10-20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 110:7-9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 111:21 – 112:12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 114:7-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 112:23 – 113:16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 116:5-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 119:15 – 120:1 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 122:21 – 123:9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 129:12-14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 129:25 – 130:8 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 130:10 – 131:6 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 132:3-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 142:13-16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 144:23 – 145:4 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 148:12 – 149:23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

*Deposition of Weihong Hu*

| DESIGNATION (PAGE:LINE) | OBJECTION BY DEFENDANT/COUNTER-DESIGNATION |
|---|---|
| 37:8-18 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 40:6-14 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 44:22-45:7 |
| 41:4-9 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 41:10-15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 43:3-21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 46:11-21 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 48:22 – 49:19 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 49:19-50:10 |
| 50:1-51:8 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 65:14-20 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| | |
|---|---|
| 66:8-11 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 66:12-67:6 |
| 67:25 – 68:14 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 92:1 – 98:8 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 99:24 – 100:4 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 102:8-103:18 |
| 100:5 – 100:21 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 102:8-103:18 |
| 100:2-7 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 111:21-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 112:9-15 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 113:9-24 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 113:25 – 114:3 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 114:10-114:24 |

*Deposition of Zhou Yang Liu*

| DESIGNATION (PAGE:LINE) | OBJECTION BY DEFENDANT/COUNTER-DESIGNATION |
|---|---|
| 9:23-25 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 10:2-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 11:15-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 14:21 – 15:16 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 15:17-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 17:10 – 18:3 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 18:4-7 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 18:8-18:19 |
| 26:20 – 28:7 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 35:24-36:13; 39:12- |
| 30:23 – 31:15 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 30:13-30:20 |
| 31:16 – 33:12 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 42:20-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 47:20-22 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 57:25 – 58:10 | Fed. R. Civ. P. 32 and FRE 801(d)(2); 53:21-54:9 |
| 60:7-11 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

| | |
|---|---|
| 74:17-23 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |
| 84:16 – 85:5 | Fed. R. Civ. P. 32 and FRE 801(d)(2) |

*Defendant's Designation:*

*Deposition of Jason Jones*

| DESIGNATION (PAGE:LINE) | OBJECTION BY PLAINTIFF |
|---|---|
| 17:3-19:18 | |
| 27:13-27:21 | |
| 28:22-31:8 | |
| 31:22-32:10 | Subject to the objections on the record. Compound. |
| 33:25-34:19 | |
| 34:20-34:23 | 34:24 – 35-20 |
| 36:2-36:13 | |
| 36:18-37:24 | |
| 37:25-38:6 | |
| 38:17-39:14 | FRE 400 |
| 39:15-42:19 | |
| 43:5-42:22 | |
| 43:5-43:22 | |
| 46:6-47:4 | 47:5 - 15 |
| 56:20-61:7 | |
| 61:15-62:15 | |
| 62:17-65:14 | Subject to the objections on the record. Compound. Speculative. |
| 65:15-66:6 | |
| 68:17-72:25 | Subject to the objections on the record. Asked and Answered. |

**X(a) – STIPULATED FACTS**

**X(b) – PROPOSED TRIAL EXHIBITS**

| PROPOSED TRIAL EXHIBIT | DESCRIPTION | DEFENDANT'S OBJECTIONS |
|---|---|---|
| 1 | Defendant's Employee Handbook dated November 22, 2014 (Identified as Exhibit 5 during the deposition of Mr. Frangoulis) | |
| 2 | Copy of Plaintiff's complaint of discrimination occurring at hotel (Identified as Exhibit 9 at deposition of Mr. Chang) | FRE 901 |
| 3 | Call Record between Plaintiff and Mr. Frangoulis (Identified as Exhibit 2 during the deposition of Mr. Frangoulis) | FRE 401, 402, 403, 802, 901 |
| 4 | Defendant's Response to Follow-Up First Request For Production of Documents dated June 17, 2016 | |

| | | |
|---|---|---|
| 5 | Bates Stamped Documents Numbered D0171-D0176 | |
| 6 | EEOC Position Statement by Mr. Chang<br><br>(Identified as Exhibit 10 during the<br><br>deposition of Mr. Chang). | FRE 401, 402, 403, 802, 901 |
| 7 | EEOC Position Statement by Mr. Frangoulis<br><br>(Identified as Exhibit 7 during the<br><br>deposition of Mr. Frangoulis) | FRE 401, 402, 403, 802, 901 |
| 8 | Employee Manual provided post-Plaintiff's<br><br>termination<br><br>(Identified as Exhibit 6 during the deposition of<br><br>Mr. Frangoulis ). | |
| 9 | List of Ms. Hu's corporations<br><br>(Identified as Exhibit 12 during the<br><br>deposition of Ms. Hu) | FRE 401, 402, 403, 802, 901 |

| | | |
|---|---|---|
| | | |
| 10 | Charts for Gross Revenue<br><br>(Identified as Exhibit 14 during the<br><br>deposition of Ms. Hu and Occupancy Percentage) | |
| | | |
| 11 | Report of Ziv E. Cohen, M.D. | |
| | | |
| 12 | Any other documents set forth in Defendants'<br><br>Exhibit List | |
| | | |
| 13 | | |
| | | |
| 14 | | |
| | | |

| | | |
|---|---|---|
| 15 | | |
| | | |

All documents included in Plaintiff's exhibit list were produced during the course of discovery or identified duri Plaintiff's Depositions of Defendants.

Defendants' Exhibits List:

| PROPOSED TRIAL EXHIBIT | DESCRIPTION | PLAINTIFF'S OBJECTION |
|---|---|---|
| 1 | Plaintiff's Response To Jack Chang's First Set Of Interrogatories, dated April 16, 2016 | |
| 2 | Daily Duty Roster For Floor (Identified as Exhibit 11 during the deposition of Mr. Gill) | FRE 401, 402, 403, 802, 901 |
| 3 | Defendant Mayflower Hotel's Employee Handbook dated November 22, 2014 (Identified as Exhibit 5 during the deposition of Mr. Frangoulis) | |
| 4 | Declaration of Jason Jones, dated April 7, 2017 | |
| 5 | Plaintiff's Response To Defendants' Rule 56.1 Statement Of Undisputed Material Facts In Support Of Defendants' Motion For Summary Judgment, April 7, 2017 | FRE 401, 402 |
| 6 | News Article Dated August 20, 2014 (Identified as Defs' Exhibit B during deposition of Jason Jones) | FRE 401, 402, 403, 802, 901 |
| 7 | Plaintiff's EEOC Supporting Statement and Charge of Discrimination | |
| 8 | Plaintiff's Responses to Defendants' Requests for Documents Production | |

| 9 | Redacted Employee Detail For Mayflower International Hotel with bates numbers D0214-D0266 | FRE 401, 402, 403, 802, 901 |
|---|---|---|
| 10 | Report of Stanley Turkel | FRE 401, 402, 403, 702, 703. |
| 10 | Any other documents set forth in Plaintiff's Exhibit List | |

Dated: New York, New York
      March 1,  2019

RISMAN & RISMAN, P.C.
*Co-Counsel for Plaintiffs*

By:      /s   Jeffrey Risman
              Jeffrey Risman
              30 Vesey Street, 6th Floor
              New York, New York 10007
              T. (212) 223-6400
              F. (212) 233-6406
              E. jrisman@risman-law.com

KEVIN KERVENG TUNG, P.C.
*Attorneys for Defendants*

    /s/   Kevin   Tung
Kevin K. Tung, Esq. (KT-1478)
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633

The application is    granted.
SO ORDERED      denied.
   s/William F. Kuntz, II

William F. Kuntz, II, U.S.D.J.
Dated: *March 4 2019*
       Brooklyn, New York